1

2

3

4

5

6    `

7

8

9                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

10   TERESA M. RUIZ,                    )
                                        ) No. CV-05-3009-CI
11            Plaintiff,                )
                                        ) ORDER GRANTING IN PART
12   v.                                 ) PLAINTIFF'S MOTION FOR SUMMARY
                                        ) JUDGMENT AND REMANDING FOR
13   JO ANNE B. BARNHART,               ) ADDITIONAL PROCEEDINGS
     Commissioner of Social             ) PURSUANT TO SENTENCE FOUR OF
14   Security,                          ) 42 U.S.C. § 405(G)
                                        )
15            Defendant.                )
                                        )
16   ─────────────────────────────     )

17        BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

18   Rec. 12, 16), submitted for disposition without oral argument on

19   September 6, 2005.[1]  Attorney D. James Tree represents Plaintiff;

20   Special Assistant United States Attorney David R. Johnson represents

21   Defendant.    The parties have consented to proceed before a

22   magistrate judge. (Ct. Rec. 7.) After reviewing the administrative

23   record and the briefs filed by the parties, the court **GRANTS IN PART**

24   Plaintiff's Motion for Summary Judgment and **REMANDS** for additional

25   proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

26   ─────────────────────

27        [1]The court has addressed the matter prior to the formal hearing

28   date because the briefing was complete.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(G) - 1

Plaintiff, who was 43-years-old at the time of the second administrative decision, filed an application for Supplemental Security Income (SSI) benefits on August 21, 2000, alleging onset as of January 1, 1995, due to panic attacks, anxiety, psychosis, depression and hepatitis C.[2]  (Tr. at 21.)  Plaintiff completed the ninth grade and had no past work history.  (Tr. at 21.)  Following a denial of benefits and reconsideration, a hearing was held before ALJ Verrell Dethloff, who concluded Plaintiff, who was not represented by counsel, could perform the full universe of unskilled work.  (Tr. at 370.)  The ALJ denied benefits; the Appeals Council remanded for consideration of the testimony of a vocational expert. Following a second administrative hearing, ALJ John Bauer concluded Plaintiff, still appearing without counsel, could perform work as a janitor.  (Tr. at 26.)  Review was denied by the Appeals Council and this appeal followed.   Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff had not engaged in substantial gainful activity during the time at issue.  He also found she had severe mental impairments, including cocaine dependence in one year remission, substance induced dementia, substance induced depression, hearing loss and history of eye surgery, but those impairments did not meet the Listings.  (Tr. at 23.) Substance abuse was no longer found to be a material factor in the disability determination.  The

---

[2]Plaintiff filed an earlier application for SSI benefits on October 16, 1998; that application was denied and no appeal was taken.  (Tr. at 60.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 2

ALJ found Plaintiff's allegations of disability were not fully credible.  He concluded her residual capacity permitted her to perform the full range of exertional work with additional non-exertional limitations. (Tr. at 23.)  The ALJ also concluded, based on the testimony of the vocational expert, Plaintiff could work as a janitor / cleaner.   Thus, the ALJ found Plaintiff was not disabled.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he (1) improperly analyzed the drug and alcohol use, (2) improperly rejected the opinions of Plaintiff's treating and examining physicians, and (3) erroneously found Plaintiff able to work at step five.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 3

Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

### SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

### DRUG AND ALCOHOL EVALUATION

Plaintiff contends the ALJ improperly conducted an analysis of the drug and alcohol evidence, noting the ALJ cited the initial administrative ruling which concluded substance addiction was material (Tr. at 22) and then found, because Plaintiff was in

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 4

remission, her substance issues were no longer material. (Tr. at 23.) However, Plaintiff argues she continues to suffer the long term psychiatric effects of her drug use (since age 12), including those impairments diagnosed by Dr. Lee after one year of sobriety. Plaintiff also contends the functional limitations arising from those mental impairments, as recognized by Dr. Beaty, were not included in the hypothetical presented to the vocational expert. Defendant responds the ALJ correctly relied on the opinions of consultant Hugh Murray, M.D. who noted on November 6, 2000, that Plaintiff's mental state could not be "teased apart" from her drug and alcohol abuse (Tr. at 306)[3] and Ed Beaty, Ph.D.

The ALJ made the following findings on this issue after review of Dr. Lee's diagnosis:

> The additional medical evidence does not substantially affect the previous decision. The claimant is apparently sober, although there are no urinalysis results in the record. She is still having problems keeping appointments. She has apparently improved with therapy. The previous decision found that substance addiction was material to the finding of disability. Currently, there is no evidence that the claimant is still using, so substance dependence is no longer material, but she has medically

---

[3]This evidence is not persuasive; Dr. Murray noted "DA&A cannot be relevant since etiology cannot be teased apart and in any case significant p.d. [personality disorder] is core condition here regardless of abstinence." (Tr. at 306.) Dr. Murray concluded Plaintiff would have mild restrictions of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and insufficient evidence of repeated episodes of decompensation. (Tr. at 302.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 5

improved with sobriety as was opined in the previous decision...

The medical evidence indicates that the claimant has cocaine dependence, in one year remission, substance induced dementia, substance induced depression, hearing loss, and a history of eye surgery, impairments that are "severe" with the meaning of the Regulations...

...Without considering her drug addiction, she is capable of carrying out one and two step instructions, and can perform repetitive tasks at a moderate pace in a structured, predictable setting, in work not requiring more than superficial interaction with the general public.

(Tr. at 22, 23.)  It appears the ALJ's diagnostic findings are based

on Dr. Jay M. Toews' assessment dated May 4, 2001.  (Tr. at 315.)

Dr. Toews diagnosed cocaine dependence, episodic; substance induced

dementia; substance induced depression - severe; substance induced

anxiety; rule out withdrawal symptoms; PTSD by history; personality

disorder nos, antisocial, borderline, histrionic and narcissistic.

Plaintiff had been last treated for substance abuse in February 2001

but had checked herself out of the program and reportedly had last

used cocaine in February or March 2001.  (Tr. at 316.)  Dr. Toews

further noted: "One cannot be confident that Teresa is not using

drugs...[on a] regular basis.  She will probably need to be

involuntarily detained for a period of time for successful treatment

of substance abuse."  (Tr. at 317.)

Based on this evaluation, Dr. Beaty concluded, in the absence

of substance abuse, Plaintiff would be moderately limited in

understanding and remembering detailed instructions, carrying out

detailed instructions, maintaining attention and concentration;

performing activities within a schedule; completing a normal workday

and week without interruption from psychologically based symptoms;

interacting appropriately with the general public, responding

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 6

appropriately to changes in the work setting and setting realistic goals or making plans independently of others. (Tr. at 318, 319.)[4] Dr. Beaty also found Plaintiff, again in the absence of polysubstance abuse, could carry out one and two step instructions, perform repetitive tasks at a moderate pace, would have difficulty adopting to changes in the workplace, and would require structure and supportive supervision. Finally, Dr. Beaty concluded Plaintiff would work best with limited superficial interaction with the general public. (Tr. at 319.) These functional limitations, as stated in the positive, were adopted by the ALJ. (Tr. at 25.) Based on the limitations, the vocational expert concluded Plaintiff could work as a janitor / cleaner. (Tr. at 499.)

The ALJ did not discuss Dr. Lee's conclusions (Tr. at 463)

---

[4]Plaintiff submitted evidence to the Appeals Council from a non-testifying vocational expert that limitations as to the ability to understand, remember and carry out simple instructions would preclude gainful employment. (Tr. at 468.) However, those limitations are not included in Dr. Beaty's assessment. (Tr. at 318.) Additionally, the expert noted moderate limitation in ability to make simple work related decisions would preclude employment; but Dr. Beaty assessed only a mild limitation in this area. (Tr. at 318.) Moderate limitations in numbers seven and 11, as noted by Dr. Beaty (Tr. at 318, 319), would preclude gainful employment except for a sheltered work environment. (Tr. at 469.) Finally, the expert noted five moderate limitations in any of the areas would preclude employment. (Tr. at 469.) Plaintiff was found to be moderately limited in eight areas. (Tr. at 318, 319.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 7

except to dismiss them with the general statement "The additional medical evidence does not substantially affect the previous decision." (Tr. at 22.) However, the previous decision was completed prior to Plaintiff's year of sobriety. Here, the ALJ found substance abuse was not a material factor in his disability determination. (Tr. at 23.) Thus, it was internally inconsistent to rely on an examination conducted during a period of abuse and one which produced diagnoses which were "substance induced."

Dr. Lee's examination occurred about one year into sustained sobriety. He affirmed diagnoses of bipolar disorder, polysubstance abuse in remission, and PTSD. (Tr. at 463.) He noted Plaintiff was attending two AA meetings per week as well as outpatient treatment and additional meetings during the week with a sponsor. Medications included Lexapro (for depression and generalized anxiety disorder), Neurontin (for anxiety), and Seroquel (for sleep). Dr. Lee's assessment, however, was not supported by independent testing. Moreover, the ALJ did not consider the limitations suggested by the outpatient services or side effects of the medications.

Plaintiff was not represented by counsel at either administrative hearing. There are questions that remain regarding Plaintiff's mental status post sobriety. "[T]he ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); id. at §§ 416.912(d)-(f); see also *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 8

granting benefits...."). An ALJ may supplement an inadequate medical record by ordering a consultative examination, i.e., "a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense." 20 C.F.R. §§ 404.1519, 416.919. The ALJ's duty to develop the record fully is heightened when the claimant is unrepresented, may be mentally ill and thus unable to protect his or her own interests. *Higbee v. Sullivan*, 975 F.2d 558, 562 (9th Cir. 1992). Some kinds of cases "normally require a consultative examination," including those in which "additional evidence needed is not contained in the records of [the claimant's] medical sources," and those involving an "ambiguity or insufficiency in the evidence [that] must be resolved." §§ 404.1519a(b)(1), (4), 416.919a(b)(1), (4). Here, the record reflects an incomplete mental health record; accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED IN PART**; the matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g), including a comprehensive mental health examination unless there is evidence Plaintiff has been unable to sustain her sobriety. If such evidence is offered and credited, then the current application for benefits may be **DISMISSED WITH PREJUDICE** without additional administrative proceedings. Any award of benefits would also be dependent upon amendment of the onset date.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **DENIED.**

3. The District Court Executive is directed to file this Order

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 9

1  and provide a copy to counsel for Plaintiff and Defendant.  The file

2  shall be **CLOSED** and judgment entered for Plaintiff.

3      DATED August 30, 2005.

4

5

6              s/ CYNTHIA IMBROGNO
          UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(G) - 10